## KELLY, SCHOOL COM. VS. WARE ET AL.

Declaration on a note payable to " May school commissioner of township 18 S. R. 14 W. or his successor in office : *Held,* in an action by his successor in the office of school commissioner of the county:

That it was immaterial whether the money belonged to the county, or to the township, as by the terms of the note, the legal title to it was in May or his successor in office:

That the averments that the note was made payable to May commissioner of the county, by the style of commissioner of the township, and that the plaintiff was the successor in office of May, stated a good cause of action in the plaintiff.

A variance cannot be taken advantage of on demurrer unless it be included in the points of demurrer.

29

*Appeal from Union Circuit Court.*

Hon. Len. B. Green, Circuit Judge.

Lyon, for the appellant.

The cause of action was intended to be payable to the county commissioner or his successor, and not to the commissioner of the township. The county commissioner alone could act in controling townships under such a state of case as is presented by this declaration ; and this the appellees were bound to know from the nature of the transaction. *Brown et al. vs. State Bank* 5 *Ark.* 234.

Carleton, for the appellees.

The demurrer was properly sustained. The plaintiff could recover only in one of two characters, either as successor of May as trustee of township etc., or as assignee. 19 *Ark*; 194 ; 16 *Ib.* 701 ; *Sec.* 32, *Ch.* 154 *Gould's Dig.*

Mr. Justice Fairchild delivered the opinion of the court.

Joel Kelly, as common school commissioner of Union county, brought an action on a note which runs thus : " Four years " after date, we, or either of us, promise to pay J. L. May, com " mon school commissioner of township eighteen south, of range " fourteen west, or his successor in office, the sum of four hun- " dred and sixty-five 11-00 dollars, with eight per cent. interest, " semi-annually in advance from date, value received, this 20th " day of April, A. D. 1855.

W. M. WARE,
S. D. DRENNEN."

The declaration alleges that May was described as commissioner of the township, when he should have been described as commissioner of Union county, that as common school commissioner, he held the note for the township, there being no trustees for the township, that the plaintiff was the successor of May, and as such, received the note from May.

It is immaterial whether the money represented by the note belongs to the county or the township, as, by the terms of the note, the legal title to it was in May or his successor in office. And it was proper for the plaintiff to show that the note was made payable to May, commissioner of Union county, by the style of commissioner of the township, and this is the effect of the averment of the note. *Nicholay vs. Kay*, 1 *Eng.* 59.

This averment, with that of the plaintiff being the successor in office of May, stated a good cause of action in favor of the plaintiff, upon the note. Though, as has been stated above, the right of action on the note did not depend on the ownership of the money due upon the note, being in Union county, or in the township specified in the note, our opinion of the law arising upon this point is given in the case of *Kelly vs. May*, decided at the present term.

The declaration appears to be in debt, though the caption and the writ describe it to be in assumpsit, but the defect is cured, not being included in the points of demurrer.

The judgment of the court below in sustaining the demurrer was wrong, and must be reversed, with instructions for the defendants to plead to the declaration.